# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRICK HOUSTON,

    *Petitioner*,

vs.

JAMES BACA, *et al.*,

    *Respondents.*

3:13-cv-00565-RCJ-VPC

ORDER

    This habeas action comes before the Court on petitioner's application (#1) to proceed *in forma pauperis* and for initial review of the petition. On the application to proceed *in forma pauperis*, the Court finds that petitioner is unable to pay the $5.00 filing fee. See #5. The application therefore will be granted.

    Turning to initial review, petitioner must file a petition on the Court's required § 2254 petition form. Petitioner filed a wholly handwritten petition purportedly under 28 U.S.C. § 2241. The determination of whether a petitioner must proceed under 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241 is a status inquiry directed to the source of the petitioner's custody rather than the target of his challenge. *See,e.g., Shelby v. Bartlett*, 391 F.3d 1061, 1063-64 (9th Cir. 2004). Petitioner is in custody pursuant to a Nevada state conviction, and he challenges the calculation of his release eligibility date. He alleges that he was being processed for release but correctional officials then erroneously determined that he was not yet eligible for release. To pursue such a challenge to the calculation of his sentence credits and eligibility for release under the conviction, petitioner must proceed under § 2254. He accordingly must use the Court's required § 2254 form as required by Local Rule LSR 3-1.

Correction of this deficiency in commencing this action following a dismissal without prejudice will not result in a promptly filed new action being untimely or otherwise result in substantial prejudice.[1] The present improperly-commenced action therefore will be dismissed without prejudice to the filing of a new petition and new pauper application in a new action.

IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is GRANTED such that petitioner will not be required to pay the $5.00 filing fee.

IT FURTHER IS ORDERED that the Clerk of Court shall file the petition and that the petition is DISMISSED without prejudice.

IT FURTHER IS ORDERED that all pending motions are DENIED without prejudice.[2]

IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Jurists of reason would not find the dismissal of this improperly-commenced action without prejudice

---

[1] Petitioner alleges that he was scheduled for release on or about October 4, 2013, but that the release was canceled at approximately that time. Accordingly, very little, if any, time has run in the one-year federal limitation period with regard to the challenged action. Moreover, it does not appear that petitioner has exhausted state judicial remedies through to a decision on the merits of his constitutional claims by the Supreme Court of Nevada in an appropriate state proceeding. The Ninth Circuit's decision in *Haygood v. Younger*, 769 F.2d 1350 (9th Cir. 1985), confirms that exhaustion of state judicial remedies is required in this context. *Haygood* was a federal *civil rights action* filed by the inmate after obtaining his release from prison in a successful *state* habeas corpus action. *Haygood* does not establish that a state inmate may proceed directly to federal court on a habeas petition without first exhausting state judicial remedies. The fact that an inmate is not required to file a damages action in state court as a prerequisite to pursuing a federal *civil rights action* does not signify that an inmate is not required to exhaust state judicial remedies prior to challenging his custody in a federal habeas proceeding. To the extent that petitioner seeks monetary damages and/or seeks to pursue claims regarding the handling of his grievances, he appears to present matters that are not cognizable in a federal habeas proceeding.

In all events, a dismissal of the present improperly-commenced action without prejudice will not materially affect the litigation of these or other issues in a promptly-filed new action. The present order does not constitute an implicit authorization to pursue any particular state or federal relief but instead merely dismisses an improperly-commenced action without prejudice. Petitioner at all times remains responsible for calculating applicable state and federal limitations periods and timely seeking appropriate state or federal relief.

[2] The motion to raise petitioner's prison copy credit limit is not signed and is not accompanied by any documents reflecting that petitioner's copy requests have been denied because he has exceeded his copy credit limit. The Court generally does not grant blanket requests to raise an inmate's copy credit limit, and it further generally does not grant such requests absent documentary substantiation of the assertion that the inmate has met or exceeded his copy credit limit. Moreover, the copies that the Court is directing the Clerk to provide petitioner will be sufficient with regard to this action and any filing of a new action. The denial of the present motion, however, is without prejudice.

to be debatable or wrong.  The current dismissal will not result in a promptly-filed new action being untimely or otherwise cause substantial prejudice.  See note 1, *supra*.

The Clerk of Court shall SEND petitioner two copies each of a pauper form for an incarcerated person, a § 2254 noncapital habeas petition, and the papers (## 1 and 3-5) that he filed, along with one copy of the instructions for each form.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED:   October 30, 2013.

_____
ROBERT C. JONES
Chief United States District Judge